NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4080
_____

UNITED STATES OF AMERICA,
                                                          Appellant
v.

WILLIE TYLER, a/k/a "Little Man"
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-96-cr-00106-001)
District Judge:  Hon. William W. Caldwell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 17, 2015

Before:  FISHER, CHAGARES, and JORDAN, *Circuit Judges*.

(Filed: September 21, 2015)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

This case is before us for the fourth time, now on the government's appeal from an

order of the United States District Court for the Middle District of Pennsylvania granting

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

a new trial to Willie Tyler under 28 U.S.C. § 2241. Because we are bound by the prior panel's decision in *United States v. Tyler (Tyler III)*, 732 F.3d 241 (3d Cir. 2013), we will affirm.

## I.    BACKGROUND

The underlying facts are set forth more fully in *Tyler III*, 732 F.3d at 243-46, and we provide only a brief recap. Willie Tyler was charged under state law for the murder of a witness who was scheduled to testify at his brother's state trial. Tyler was acquitted of the murder charge, but was convicted of witness intimidation and served a term in state prison. After his release, federal prosecutors brought charges for witness tampering by murder and by intimidation in violation of 18 U.S.C. § 1512(a)(1)(A) and (C) and 18 U.S.C. § 1512(b)(1), (2), and (3), respectively. At Tyler's federal trial, the jury was instructed about two theories of guilt: tampering with a witness to prevent her testimony at an official proceeding and tampering with a witness to prevent her communication with law enforcement. After the jury convicted Tyler by way of a general verdict that did not specify the theory of guilt, we reversed his conviction on grounds not relevant to this appeal. *United States v. Tyler (Tyler I)*, 164 F.3d 150, 159 (3d Cir. 1998). He was then retried and convicted again of two counts of tampering with a witness – by murder and by intimidation – and sentenced to life in prison. On direct appeal, we affirmed his conviction and sentence. *United States v. Tyler (Tyler II)*, 281 F.3d 84 (3d Cir. 2002).

Tyler then filed pro se motions arguing that the Supreme Court's decisions in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005) and *Fowler v. United States*, 131 S. Ct. 2045 (2011), rendered him innocent of the crimes for which he was convicted

2

because the government could not show a nexus between his conduct and an official federal proceeding and because his conduct was not aimed at preventing a communication with a federal law enforcement officer. *Tyler III*, 732 F.3d at 245-46. The District Court construed his motions as a petition for habeas relief under 28 U.S.C. § 2241, which it denied. *Id.* at 246.

On appeal, we concluded that the record demonstrated entitlement to relief on both of the legal theories Tyler advanced, the "official proceeding" theory based on *Arthur Andersen*, 544 U.S. at 707-08 (holding that certain official proceeding provisions of § 1512 require proof of a "nexus" between the defendant's conduct and a particular federal proceeding), and the "communication" theory based on *Fowler*, 131 S. Ct. at. 2052-53 (holding that the investigation-related communication provision of § 1512 requires proof of a communication to a federal law enforcement officer or judge). *Tyler III*, 732 F.3d at 249-53. Accordingly, a divided panel remanded the case for the District Court to conduct an evidentiary hearing to allow Tyler an opportunity to pursue his claims of actual innocence.[1] *Id.* at 252-53. In directing the procedure for the District Court to follow upon remand, we instructed that:

---

[1] The dissent disagreed with the panel's disposition, arguing that, under *Bousley v. United States*, 523 U.S. 614 (1998), and *Schlup v. Delo*, 513 U.S. 298 (1995), in order to demonstrate "actual innocence," Tyler had to show that, in light of all the evidence, it was more likely than not that no reasonable juror would have convicted him. *Tyler III*, 732 F.3d at 254 (Shwartz, J., dissenting). The dissent agreed with the majority that no reasonable juror could have convicted Tyler under the "official proceeding" theory of § 1512, but could not say that no reasonable juror would have convicted Tyler under the "communication" theory. *Id.* at 256-57. The dissent concluded that, if a juror was properly instructed, Tyler could have been convicted under the communication theory. *Id.* at 257-58. Relying on the more-demanding standard that applies in collateral attack

3

If the District Court concludes that Tyler has met his burden of establishing his actual innocence as to both theories, then it must issue the writ of habeas corpus and vacate Tyler's convictions, pursuant to § 2241. If, however, the District Court concludes that Tyler has met his burden of establishing his actual innocence based on either the official proceeding provisions or the investigation-related communication provisions, but not both, then it must fashion a remedy in light of the general verdict reached in this case… . Generally, when a jury returns a general verdict and the evidence is insufficient to support a conviction on one legal theory but sufficient to convict on another theory, then the reviewing court should let the verdict stand, assuming that the jury convicted on the factually sufficient theory. However, when one of two or more alternative theories supporting a count of conviction is either (1) unconstitutional, or (2) legally invalid, then the reviewing court should vacate the jury verdict and remand for a new trial without the invalid or unconstitutional theory. … Thus, if the District Court concludes that Tyler has failed to establish his actual innocence based on one but not both legal theories, then it may not let the verdict stand, and instead it must order a new trial based only on the legally valid theory.

*Tyler III*, 732 F.3d at 253 (internal citations and quotation marks omitted). The government then successfully sought an extension of time to move for rehearing en banc, but ultimately never did so.[2] Thus, our mandate issued and the case was returned to the District Court.

On remand, the government conceded that Tyler was actually innocent under the "official proceeding" theory but maintained that he was guilty under the "communication" theory.[3] *United States v. Tyler*, 35 F. Supp. 3d 650, 653 & n.3 (M.D.

proceedings, the dissent concluded that a new trial was not warranted, notwithstanding the general verdict. *Id.*

[2] The government also failed to petition for certiorari from the Supreme Court of the United States.

[3] The parties agreed on remand to rely on the record evidence rather than conduct an evidentiary hearing. *United States v. Tyler*, 35 F. Supp. 3d 650, 651 (M.D. Pa. 2014).

Pa. 2014). The District Court concluded that a reasonable juror could find Tyler was guilty under the "communication" theory and that Tyler's arguments on that issue were "better made to a jury." *Id.* at 656. Accordingly, based on our direction in *Tyler III*, the District Court concluded that it must grant Tyler a new trial. *Id.* ("[T]he Third Circuit has instructed us that if Defendant has established his actual innocence on only one of the provisions but not on the other, we must vacate both convictions and grant a new trial on the one provision that would be a valid basis for conviction.").[4]

The government then filed an appeal of the District Court's order and sought initial hearing en banc. Specifically, the government argued – perhaps correctly but, without doubt, belatedly – that the *Tyler III* majority improperly imported the less-demanding standard of review for a direct appeal into this collateral review proceeding. We rejected the government's petition for initial hearing en banc and the appeal is now before this panel for resolution.

## II.    DISCUSSION[5]

As a threshold matter, we must discuss our jurisdiction to hear the appeal, which Tyler calls into question.

Contrary to Tyler's assertions, we have jurisdiction over this case because it involves the grant of a new criminal trial in a collateral attack proceeding, *United States*

---

[4] The government apparently did not argue before the District Court that a new trial was inappropriate. (Gov't Reply Br. at 15-17 & n.3.)

[5] The District Court had jurisdiction under 28 U.S.C. § 2241. Our jurisdiction under 28 U.S.C. § 1291 is disputed, as discussed below.

*v. Allen*, 613 F.2d 1248, 1250-52 (3d Cir. 1980) (grant of new trial to habeas petitioner under 28 U.S.C. § 2255 constitutes final, appealable order), and because the government has identified a purported error by which it is aggrieved, albeit one dictated by our decision in *Tyler III*,[6] U.S. Const. art. III, § 2, cl. 1.

Tyler also argues, though, that the government has forfeited its challenge to the District Court's grant of a new trial because it never argued before the District Court that such a remedy was inappropriate. In its protestations to the contrary, the government essentially concedes the point, both by setting forth the plain error standard of review for unpreserved claims, and by claiming that the issue was preserved because the government informed the District Court during two off-the-record conversations that it disagreed with the remedy instructions in *Tyler III* and that it intended to seek en banc review of that decision "if authorized to do so by the Solicitor General." (Gov't Reply Br. at 15-17 & n.3.) Tyler is correct that, generally, the failure to raise an issue before a district court results in its forfeiture on appeal. *Huber v. Taylor*, 469 F.3d 67, 74-75 (3d Cir. 2006). We nevertheless have discretion to consider an issue that was not raised below, particularly if it is a "pure question of law … [and] refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." *Id.* (internal quotation marks omitted). Here, the government argues that it would have been futile to lodge an objection to the District Court's grant of a new trial,

---

[6] Tyler is correct, however, that the government does not set forth any "issues presented" for our review in its opening brief, though its statement of subject matter and appellate jurisdiction clearly identifies that it is seeking an appeal of the District Court's order granting a new trial.

given the mandate that court was operating under after *Tyler III*. (Gov't Reply Br. at 16.) *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 203 n.13 (3d Cir. 2004) ("Under the mandate rule, a species of the law of the case doctrine, a trial court must comply strictly with the mandate directed to it by the reviewing court." (internal quotation marks omitted)).

We need not decide whether to exercise our discretion and reach the purportedly forfeited issue, however, because – as the parties should be well aware – this panel is limited by what has gone before in this case, just as was the District Court. A previous panel has already declared that, if Tyler is innocent under the official proceeding theory but not the communication theory, he is entitled to a new trial as a matter of law. *Tyler III*, 732 F.3d at 253. Under the law of the case doctrine, we are not free to disturb that ruling, even if we believe it to be in error. *In re City of Phila. Litig.*, 158 F.3d 711, 717 (3d Cir. 1998) ("Under the law of the case doctrine, one panel of an appellate court generally will not reconsider questions that another panel has decided on a prior appeal in the same case."). Because the government failed to move for rehearing en banc following our decision in *Tyler III* and because this Court declined to grant initial hearing en banc in this appeal, we must affirm the ruling of the District Court granting Tyler a new trial. The government is, of course, free to seek en banc review of this decision should it choose to do so, because there may yet be a few bites left on the apple.

## III. CONCLUSION

For the forgoing reasons, we will affirm the ruling of the District Court.

7